J. H. A. FROST *v.* GARRETT & WYNNE, et als.

Damages for a frivolous appeal must be asked for in the answer of the appellee.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
    *Hays, Adams & Morgan* for Lewis & Oglesby, garnishees and appellants.

*T. J. & W. H. Cooley for plaintiff.*—This suit began by attachment.
Lewis & Oglesby, a commercial firm of the city, were made parties as garnishees and questions propounded to them. They answered, admitting
they had funds in their hands to the credit of defendants, Garrett &
Wynne, amounting to $620 71. The garnishees admitted in their answers
an unconditional liability for the amount to defendants, and urged no
plea of defence whatever. The defendants, Garrett & Wynne, confessed
judgment for the amount claimed against them; and judgment was accordingly entered in favor of plaintiff, recognizing his privilege upon the
sum of $620 71, in the hands of Lewis & Oglesby, and ordering them to
pay over to plaintiff the amount so attached in their hands. It will also
be noticed that defendants consented, in writing, that the sum attached
in the hands of garnishees be paid over to the plaintiff. This judgment
was rendered and signed on the 8th of June, 1861.

The garnishees have appealed from this judgment. The special errors
set forth by them in their motion for an appeal, are : 1. The courts were,
by formal decree, adjourned previous to the 8th June, 1861, and consequently no decree could be rendered against them. 2. That the judgment
was improperly signed on the 8th June, the same day it was rendered ;
when, by law, it could not be signed except after three days. The third
ground is a general one, that the judgment does him an irreparable
injury.

The record does not furnish any specific evidence in relation to the adjournment of the court. The only testimony in relation to the matter is
found in the opinion of the judge of the court below, on the motion to
set aside the appeal. We are satisfied to submit that point on the opinion of the judge below.

In relation to the second ground, that the judgment was prematurely
signed, it is sufficient to answer that this did not injure in any manner
the party. He could still have applied and obtained a new trial. The
Supreme Court has recognized the doctrine that applications for new
trials can be made after the signature of the judgment, if done before the
expiration of three days. See *Marigny* v. *Stanley,* 2 L. 322; *Hubbell* v.
*Clannon,* 13 L. 496.

The judgment has not operated to the injury of the garnishees. The
rule is, that garnishees are merely stakeholders. The only issue they can
raise is for the purpose of protecting themselves in relation to the validity of the payment by them to the attaching creditors. In this case no

issue whatever was raised by the garnishees; they simply came into court and admitted they owed plaintiff a certain sum of money. This was, to all intents and purposes, a confession of judgment, which estops the party from appealing. 5 R. 447; C. P. 567; 14 L. 523; 5 A. R. 598.

FROST
*v.*
GARRETT et al.

Had the garnishees any valid defence to paying this money, it was their duty to urge it in the answers they made to the interrogatories. Having admitted an unconditional liability, it is to be presumed they had no just ground with which to defend themselves.

· HOWELL, J. This is an attachment suit in which the appellants were made garnishees, and in answer to the interrogatories propounded to them they admitted, unconditionally, that they owed the defendants $620 71, nett proceeds of fifteen bales cotton sold by them for account of defendants.

In the judgment, subsequently rendered upon the confession of the defendants, privilege was granted upon this fund, and the garnishees ordered to pay the said sum to plaintiff.

We are unable to find any error in the judgment to the prejudice of appellants, and the appeal is evidently taken simply for delay; but there is no answer nor prayer for damages for a frivolous appeal.

The plaintiff is now dead, and his testamentary executor, Francis Brown, has, on motion in this court, been made party and authorized to prosecute this suit to final judgment.

Judgment affirmed, with costs.